# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00113-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>           Plaintiff,          )<br>                              )<br>      vs.                     )<br>                              )<br> TIMOTHY MARK GRADY,          )<br>                              )<br>           Defendant.         )<br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Request for Review of Detention Order [Doc. 16].

## I.     PROCEDURAL BACKGROUND

On September 18, 2018, the Defendant was charged in a Bill of Indictment with one count of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. The Defendant's initial appearance was held before the Honorable Dennis L. Howell, United States Magistrate Judge, on September 28, 2018, at which time the Defendant was appointed counsel. The Government moved for detention of the Defendant pending trial.

A detention hearing was scheduled to take place at the same time of the Defendant's arraignment on October 3, 2018. At the hearing, however,

the Defendant waived his detention hearing in anticipation of hiring private counsel, Frank Lay, who had requested additional time to review potential conflicts. The Defendant thus consented to detention but reserved the right to request a detention hearing in the future.

Later, the Defendant changed his mind about hiring counsel. Thus, on October 16, 2018, the Defendant through his appointed counsel filed a motion requesting a detention hearing and seeking release from custody pending trial. In his motion, the Defendant proposed that his mother, Alice Paulette Woodard, serve as a third party custodian for the Defendant while on release. [Doc. 10].

A hearing was held on the Defendant's motion on October 29, 2018 before the Honorable David S. Cayer, United States Magistrate Judge.[1] At the hearing, the Government proffered for the Court's consideration the Pretrial Services report, which outlines the Defendant's criminal history. The Defendant offered the testimony of the Defendant's mother, Ms. Woodard, who testified that she was willing to serve as a third-party custodian for her son if he were released. Ms. Woodard testified that, prior to his arrest, the Defendant and his girlfriend had resided in a mobile home approximately five

---

[1] Magistrate Judge Howell retired effective October 4, 2018.

miles away from Ms. Woodard's residence. She further testified that she is employed as a LPN two days per week, and that she could and would transport the Defendant to any court hearings. Upon conclusion of the hearing, Judge Cayer ordered the Defendant to be detained. A Detention Order was entered on October 29, 2018. [Doc. 14].

On November 2, 2018, defense counsel filed the present motion, seeking review and revocation of the detention order. [Doc. 16].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a presumption of detention, rebuttable by the defendant, if the Court finds that there is probable cause to believe that the defendant committed certain enumerated offenses. See 18 U.S.C. § 3142(e)(3).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history

4

> > relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the record before the Court, the Court finds and concludes that there is probable cause to believe that the Defendant committed an offense under 21 U.S.C. § 841(a)(1), thus giving rise to a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A).

The Court further finds and concludes that the Defendant has failed to rebut this presumption. While the Defendant has significant family ties in the Bryson City area and has a history of employment, he also has a significant

5

criminal history extending over twenty years. Further, there is substantial evidence that the Defendant would be a flight risk. The Defendant is currently facing a charge which poses a minimum of sentence of at least ten years. Further, as the Government correctly noted at the hearing, the Defendant has a history of probation violations and of failing to appear for court proceedings. See 18 U.S.C. § 3142(g)(3).

Based on the evidence presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

Having conducted an independent review of the audio recording of the detention hearing and the Order of Detention, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm the Defendant's detention pending trial.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Request for Review of Detention Order [Doc. 16] is **DENIED**, and the Order of Detention [Doc. 14] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: November 9, 2018

Martin Reidinger
United States District Judge