IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00113-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TIMOTHY MARK GRADY, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release or release to home confinement due to the COVID-19 pandemic. [Doc. 37].

The Defendant's letter states simply: "I would like to file this form for Compassionate Release with the Federal Court." [Doc. 37 at 1]. Attached to this letter is a document that appears to be an email exchange dated April 16, 2020 between the Defendant and the warden of FCI Ashland, where the Defendant is housed. [Id. at 2]. In the email to the warden, the Defendant asks for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or release to home confinement pursuant to the CARES Act. The warden's response indicates that the Defendant is "not a priority for Home

Confinement." [Id.]. The warden's response does not specifically address the Defendant's request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

To the extent that the Defendant seeks a release to home confinement, his motion must be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for

judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). For these reasons, the Defendant's request for a release to home confinement is denied.

Next, the Court turns to the Defendant's request for a sentence reduction. Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion

for a sentence reduction.  Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582.  See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).

The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule.  This Court, however, need not decide that issue in order to resolve the present motion.  Either way, the Defendant must meet the thresholds defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court.  See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

Here, the Defendant's email communication with the warden does not clearly establish that he has exhausted his administrative remedies with respect to his § 3582(c)(1)(A) request.  Moreover, the email communication

4

Case 1:18-cr-00113-MR-WCM   Document 38   Filed 05/21/20   Page 4 of 7

is dated April 16, 2020, and the Defendant's letter is postmarked May 7, 2020, which is less than 30 days after the Defendant made his request. Thus, it does not appear that the Defendant complied with the requirements of § 3582(c)(1)(A) before filing his motion. However, more than 30 days have now passed since the Defendant's request to the warden. Rather than requiring the Defendant to refile his motion in order to comply with the 30-day requirement, the Court will proceed to address the merits of his request.

A reduction under § 3582(c)(1)(A) must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The commentary to § 1B1.13 provides the following specific and limited grounds for release under § 3582(c)(1)(A): (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release if

5

(1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B).

Here, the Defendant does not report his current age,[1] nor does he identify any medical conditions that would satisfy any of the above-stated criteria. Indeed, he does not even allege that he has any medical conditions which would make him particularly susceptible to the coronavirus. The fact that the Defendant faces a potential risk of contracting COVID-19 does not constitute an "extraordinary and compelling" reason justifying his release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

For all these reasons, the Defendant's motion for a sentence reduction or release to home confinement is denied.

---

[1] The Defendant's Presentence Investigation Report [Doc. 31] indicates that the Defendant is 44 years old.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release or release to home confinement due to the COVID-19 pandemic [Doc. 37], is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 21, 2020

Martin Reidinger
United States District Judge