THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00113-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TIMOTHY MARK GRADY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)." [Doc. 39]. The Government opposes the Defendant's Motion. [Doc. 40].

**I.    BACKGROUND**

In January 2019, the Defendant Timothy Mark Grady pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 23]. In his plea agreement, the parties stipulated that the actual amount of pure methamphetamine attributable to him was 75.56 grams. [Doc. 22 at ¶ 7(a)]. A notice under 21 U.S.C. § 851 was dismissed by the Government. [See Doc. 27]. Because the Defendant met the conditions of 18 U.S.C. §

3553(f)(1)-(5), he was not sentenced to the mandatory statutory minimum sentence of 10 years. He also received a two-level variance for the "safety valve." As a result, the Defendant's Guidelines range was 70-87 months. [Doc. 31: PSR at ¶ 79]. At his sentencing in April 2019, the Defendant was sentenced to a term of 70 months' imprisonment. [Doc. 35]. The Defendant is currently housed at FCI Ashland, and his projected release date is October 14, 2023.[1]

The Defendant first attempted to seek compassionate release and/or home confinement on May 11, 2020, by filing a letter citing the ongoing COVID-19 pandemic. [Doc. 37]. The Court construed the Defendant's letter as a motion and denied the motion on May 21, 2020. [Doc. 38]. On January 27, 2021, the Defendant filed the present motion renewing his request for compassionate release. [Doc. 39]. In his motion, which is made using a preprinted form, the Defendant checks a box to indicate that the grounds for his motion is that he has a "severe physical or mental condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process" that substantially diminishes his ability to

---

[1] See https://www.bop.gov/inmateloc/ (last visited March 9, 2021).

2

Case 1:18-cr-00113-MR-WCM    Document 41    Filed 03/15/21    Page 2 of 8

provide self-care and from which he is not expected to recover. [Id. at 4]. However, as evidence of this grounds, the Defendant states only that he is fearful of becoming ill from COVID-19. [Id. at 5]. On January 11, 2021, the Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Jan. 11, 2021]. The Government filed its Response on February 10, 2021. [Doc. 40].

**II.   DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has sufficiently exhausted his administrative remedies with BOP; accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

3

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant does not identify any specific medical condition that affects his ability provide self-care in prison or that increases his risk of serious illness from contracting COVID-19. According to his medical records, the Defendant suffers from anxiety and major depressive disorders, both of which are treated by medication. He also suffers from lumbar disc disease, which is treated by taking ibuprofen and using a "low bunk pass." [Doc. 39-2 at 3, 6]. There is nothing in the Defendant's medical records to indicate that the Defendant has a medical condition that constitutes extraordinary or compelling reasons for a compassionate release.

The Court further notes that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[2] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders.

---

[2] See http://covid.cdc.gov/covid-data-tracker/#vaccinations (last visited Mar. 9, 2021).

Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant had a significant criminal history, including convictions for destruction of property, indecent exposure, assault and battery, possession of controlled substances, larceny, breaking and entering, and multiple violations of probation. [Doc. 31 at ¶¶ 33-40]. Additionally, the Defendant's offense of conviction was extremely serious, as it involved the distribution of a large quantity of methamphetamine, enough to trigger a ten-year mandatory minimum. The Defendant managed to avoid a mandatory

minimum sentence based on the application of the safety valve. In light of these circumstances, the Court finds that a sentence of 70 months appropriately reflected the seriousness of the Defendant's crime, and he has not demonstrated anything that causes the Court to reconsider and reduce that sentence now.

For all these reasons, the Court concludes that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes militate against a sentence reduction in this case.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Sentence Reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction [Doc. 39] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge